DAVID C. IVANS ET AL., PARTNERS, PROSECUTORS, v. TITUS H. LAURY.

Argued June 4, 1901.—Decided November 11, 1901.

When an article is sold by a description, by its known designation, and the purchaser has an opportunity for inspection, there is no implied warranty of its quality; the only warranty which is implied by the sale is that the thing sold is of the kind specified.

---

On *certiorari* to review judgment of the Elizabeth District Court.

Before Justices GUMMERE and HENDRICKSON.

For the prosecutors, *Reed & Coddington.*

For the defendant, *Bruce & Runyon.*

The opinion of the court was delivered by

GUMMERE, J. The writ in this case brings up the record of a judgment recovered by Laury in the District Court of the city of Elizabeth, in an action on contract brought by him against Ivans & Company to recover damages alleged to

have been sustained by him because of certain cement which he had purchased of Ivans & Company failed to "set" as it was expected.

Laury was a contractor, and at the time of purchasing the cement was engaged in building a railroad station for the Central Railroad Company of New Jersey. The prosecutors kept a supply yard, and sold building materials. In the construction of the railroad station, large quantities of "Atlas Portland Cement" were necessary to be used. Laury ordered the cement from the prosecutors, and the contract for its purchase and sale, which was verbal, is thus testified to by him, in response to questions put to him by counsel:

"Q. Will you state what took place at the time you ordered this cement; who you ordered it of, and all the details?

"A. Yes, sir; I ordered the Portland cement of Freeman [one of the prosecutors] ; my first question to him was—I says —Freeman have you got Portland cement—Atlas Portland cement, and he says, 'Yes, I have got it, and I am the only man in town that has got it;' and I says bring me up some; and he brought up the cement and I used it."

The ground upon which the plaintiff below rested his action was that the cement actually furnished by the prosecutors was of a poor quality, not having the characteristics which Atlas Portland cement should have; that this particular brand "sets" in from twenty-four to thirty-six hours, while the cement furnished by the prosecutors failed to set at all, thereby making it necessary for the plaintiff to tear down the structure in which he had used it, and causing him a considerable money loss.

The court, in charging the jury as to the liability of the prosecutors on their contract of sale, stated to them that "the engagement of the vendor is that the article furnished shall correspond with the description of the article asked for—that is, that the vendor shall furnish a cement that will harden rapidly and will have the tensile strength of Atlas Portland cement, which is stated to be of six hundred pounds, and when it sets it requires a sledge hammer to break it. There is an implied warranty that the goods should be of such character."

This instruction was excepted to, and we think the exception must be sustained. The rule is settled that when an article is sold by a description, by its known designation, and the purchaser has an opportunity for inspection, the only warranty which is implied by the sale is that the thing sold is of the kind specified. *Wolcott* v. *Mount,* 7 *Vroom* 262; *Winsor* v. *Lombard,* 18 *Pick.* 57; *Mixer* v. *Coburn,* 11 *Metc.* 559; *Chanter* v. *Hopkins,* 4 *Mees. & W.* 399. Where the buyer has no opportunity to inspect, there is, in addition to the implied warranty that the article is of the kind specified, a further warranty, by implication, that it is salable, or merchantable. But, unless it be expressed in the contract, there is no warranty that the article is of any particular quality, and this is the case whether an opportunity for inspection be afforded the vendee or not. *Wolcott* v. *Mount,* 7 *Vroom* 262; *Jones* v. *Just, L. R.,* 3 *Q. B.* 197; *Benj. Sales,* § 871 *et seq.*

The cement which was the subject-matter of the sale, in the present case, was purchased by its known designation, *i. e.,* as "Atlas Portland cement," and, consequently, there was no implied warranty of its quality.

The judgment below should be reversed.